UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RICHTER, et al.,

    Plaintiffs,

  vs.

WHITE, et al.,

    Defendants.

Case No: C 10-03847 SBA

**ORDER REMANDING ACTION**

    Plaintiffs filed the instant unlawful detainer action against Defendants in Contra Costa County Superior Court on or about November 19, 2009. The complaint seeks to evict Defendants from certain residential property. On August 27, 2010, Defendants filed a pro se notice of removal on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, along with a request to proceed in forma pauperis (IFP).

    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed

into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendants' notice of removal alleges that Plaintiffs have violated 11 U.S.C. § 362(c), 12 U.S.C. § 3765(1) and (3), 12 U.S.C. § 3758(3)(A), 12 U.S.C. § 3758(1), and Title 11 of the U.S. Bankruptcy Code. However, federal subject matter jurisdiction is premised on the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." Id. at 10 (emphasis in original). In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Plaintiffs' complaint is for unlawful detainer and does not assert any federal cause of action. Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction. Accordingly,

1    IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Contra Costa
2 County Superior Court.  Defendants' IFP application is DENIED as moot.  The Clerk shall close
3 this file and terminate all pending matters.
4    IT IS SO ORDERED.
5 Dated:  October 12, 2010

 _____
 SAUNDRA BROWN ARMSTRONG
 United States District Judge

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICHTER et al,

       Plaintiff,

 v.

WHITE et al,

       Defendant.
                                     /

Case Number: CV10-03847 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lakita White
784 Crocket Court
Brentwood, CA 94513

Michael White
784 Crocket Court
Brentwood, CA 94513

Dated: October 12, 2010

                                   Richard W. Wieking, Clerk

                                         By: LISA R CLARK, Deputy Clerk